IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02629-MSK

CHRISTOPHE MCCRAY,
PENSAL MCCRAY,

    Plaintiffs,

v.

EDWARD ANTHONY SMITH,
E. ANTHONY AND ASSOCIATES, a Colorado LLC,
THE EDIFUS GROUP, INC., a Colorado corporation,
WILLIAM BOWMAN,
JOHN LIESE,
FOR MORTGAGES,
HOME LOANS DIRECT, a Colorado LLC,
MISTAR FINANCIAL, a Colorado LLC,
JAGUAR GROUP, a Colorado LLC, and
COUGAR ASSOCIATES, a Colorado LLC,

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on the Plaintiffs' Motion for a Temporary Restraining Order **(#2)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiffs seek a temporary restraining order prohibiting Defendant Cougar Associates from selling their home by foreclosure. The motion is asserted pursuant to Fed. R. Civ. P. 65(a), which provides in relevant part:

> (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the

> verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

For several reasons, the Court denies the motion for a temporary restraining order. First, the Plaintiffs contend that the Denver District Court authorized the sale of their home following a C.R.C.P. 120 hearing. Therefore, any request to enjoin the foreclosure amounts to a prohibited appeal under the *Rooker-Feldman* doctrine.[1] *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). Second, nothing in the Court file evidences service of process upon Defendant Cougar Associates. Therefore, the Court lacks personal jurisdiction to issue an injunction against such Defendant. Finally, the motion is not supported by either an affidavit or verified complaint.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion for a Temporary Restraining Order **(#2)** is **DENIED**.

Dated this 3rd day of January, 2006

                                               **BY THE COURT:**

                                               Marcia S. Krieger
                                               United States District Judge

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).