IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02629-MSK-MJW

CHRISTOPHE MCCRAY, et al.,

Plaintiffs,

v.

EDWARD ANTHONY SMITH, et al.,

Defendants.

---

**RECOMMENDATION ON:
(1) PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
E. ANTHONY AND ASSOCIATES LLC, THE EDIFUS GROUP, INC., AND
FOR MORTGAGES (DOCKET NO. 28)
AND
(2) PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT EDWARD ANTHONY SMITH (DOCKET NO. 43)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiffs' Motion for Default Judgment Against Defendants E. Anthony and Associates LLC, The Edifus Group, Inc., and For Mortgages (docket no. 28) and on Plaintiffs' Amended Motion for Default Judgment Against Defendant Edward Anthony Smith (docket no. 43).  The court has reviewed the motions and responses and has taken judicial notice of the court's file.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

2

As to the Plaintiffs' Amended Motion for Default Judgment Against Defendant Edward Anthony Smith (docket no. 43), this court finds that Mr. Smith appeared by telephone at the Rule 16 Scheduling Conference before Magistrate Judge Watanabe on March 2, 2006. This court allowed Pro Se Defendant Smith to participate at the Rule 16 Scheduling Conference by telephone since he was incarcerated at that time. During this Rule 16 Scheduling Conference, Pro Se Defendant Smith informed the court that he would be getting released from custody shortly. In fact, during this Rule 16 Scheduling Conference, this court set Pro Se Defendant Smith's deposition for March 10, 2006, since he would be released from custody prior to March 10, 2006. Mr. Smith was also advised by this court at the Rule 16 Scheduling Conference that he could not represent the Co-Defendants E. Anthony and Associates LLC and The Edifus Group, Inc., since he was not a licensed attorney, in good standing, and admitted to the bar of this court and that he needed to hire an attorney to represent the Co-Defendants E. Anthony and Associates LLC and The Edifus Group, Inc. See record of court proceedings before Magistrate Judge Watanabe for March 2, 2006, and minutes from that hearing. Morever, the Clerk of Court has not entered a Clerk's default due to Plaintiffs' failure to comply with the Servicemember's Civil Relief Act of 2003, Pub.L.No. 108-189, 117 Stat. 2835. See Clerk's Note (docket no. 42). Based upon these facts, this court concludes that default judgment should not enter against Pro Se Defendant Smith or against Co-Defendants E. Anthony and Associates LLC, and The Edifus Group, Inc., at this time. Instead, Pro Se Defendant Smith should be given a reasonable time to file his Answer to the Complaint and to retain counsel for Co-

3

Defendants E. Anthony and Associates LLC, and The Edifus Group, Inc.

As to Plaintiffs' Motion for Default Judgment Against Defendants E. Anthony and Associates LLC, The Edifus Group, Inc., and For Mortgages (docket no. 28), this court finds that service against Defendant For Mortgages is not proper pursuant to Fed. R. Civ. P. 4. The return of service concerning Defendant For Mortgages filed by Plaintiff states that the registered agent for For Mortgages is Kay Olsen. See exhibit A attached to Response of Defendant John Liese in Opposition to Plaintiffs' Amended Motion for Default Judgment Against Defendants E. Anthony and Associates LLC, The Edifus Group, Inc., and For Mortgages (docket no. 58). On March 2, 2006, counsel for Defendant Liese performed a search of the Colorado Secretary of State's website, and no company by the name of For Mortgages, or any similar name, is or was registered with the Colorado Secretary of State. See exhibit B attached to Response of Defendant John Liese in Opposition to Plaintiffs' Amended Motion for Default Judgment Against Defendants E. Anthony and Associates LLC, The Edifus Group, Inc., and For Mortgages (docket no. 58). In addition, no person by the name of Kay Olsen, or similar name, is a registered agent for any company registered with the Colorado Secretary of State. Id. Based upon these findings, this court concludes that service upon Defendant For Mortgages that was submitted to this court by Plaintiffs is improper. Accordingly, a Clerk's Default and Default Judgment should not enter against Defendant For Mortgages.

**RECOMMENDATION**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the

4

court **RECOMMENDS**:

1. That Plaintiffs' Motion for Default Judgment Against Defendants E. Anthony and Associates LLC, The Edifus Group, Inc., and For Mortgages (docket no. 28) be **DENIED WITHOUT PREJUDICE**.

2. That Plaintiffs be directed to forthwith properly serve Defendant For Mortgages or show cause why Plaintiffs' case against Defendant For Mortgages should not be dismissed for lack of service. A show cause hearing is set for April 21, 2006, at 9:30 a.m. in courtroom A-502, 901 19th Street, Denver, Colorado 80294, before Magistrate Judge Watanabe.

3. That Plaintiffs' Amended Motion for Default Judgment Against Defendant Edward Anthony Smith (docket no. 43) be **DENIED WITHOUT PREJUDICE**. That Pro Se Defendant Smith be given up to and including April 21, 2006, to file his Answer to the Complaint, with a warning that failure by Pro Se Defendant Smith to file a timely Answer to Plaintiffs' Complaint may result in default being entered against Pro Se Defendant Smith.

4. That Defendants E. Anthony and Associates LLC and The Edifus Group, Inc., be directed to forthwith retain legal counsel and file their Answers to the Complaint on or before April 21, 2006, with a warning that failure by Defendants E. Anthony and Associates LLC

or The Edifus Group, Inc., to timely file an Answer to the Complaint may result in default being entered against Defendants E. Anthony and Associates LLC or The Edifus Group, Inc.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  March 14, 2006             s/Michael J. Watanabe
        Denver, Colorado           Michael J. Watanabe
                                   United States Magistrate Judge