IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02629-MSK-MJW

CHRISTOPHE MCCRAY, and
PENSAL MCCRAY,

    Plaintiffs,

v.

EDWARD ANTHONY SMITH,
E. ANTHONY AND ASSOCIATES, a Colorado LLC,
THE EDIFUS GROUP, INC., a Colorado corporation,
WILLIAM BOWMAN,

    Defendants.

## ORDER DENYING MOTION

THIS MATTER comes before the Court on a motion to stay the effect of a default judgment **(#144)** filed by Defendant Edward Anthony Smith, *pro se*.[1] The Plaintiffs filed no response. Having considered the motion, the Court treats it as a motion to set aside the default judgment and furthermore

**FINDS** and **CONCLUDES:**

This case was initiated by the filing of a Complaint on December 28. 2005 alleging various claims based upon predatory loan practices. Mr. Smith was personally served with a copy of the Complaint and a Summons on January 13, 2006. He failed to timely file an Answer or other response.

---

[1] Because Mr. Smith is *pro se*, the Court liberally construes his filings.

The Plaintiffs moved **(#43)** for the entry of default judgment against Mr. Smith several times. The first time, the Magistrate Judge denied **(#67, #109)** the motion, partly because Mr. Smith, who was incarcerated, had appeared by telephone at the Rule 16 hearing and advised the Court that he was going to be released on March 10, 2006. The Magistrate Judge gave Mr. Smith until April 21, 2006 to file an Answer to the Complaint. When Mr. Smith failed to file an Answer by that date, the Plaintiffs renewed their request **(#99)** for the entry of default judgment against him. By minute order **(#104)** dated April 25, 2006, the Magistrate Judge set an evidentiary hearing on the motion to take place on May 12, 2006. Such Order was served upon Mr. Smith at his address of record. Mr. Smith failed to appear at the hearing **(*see* #116)**.

The Magistrate Judge issued a Recommendation **(#131)** that a default judgment enter against Mr. Smith. In his Recommendation, the Magistrate Judge found that Mr. Smith had been given adequate notice of the hearing, had been served with a summons and Complaint **(*see* #17)**, and had not timely filed an Answer to the Complaint. The Recommendation was mailed to Mr. Smith at his address of record, but was returned to the Court as undeliverable. No objection was filed.

On August 8, 2006, the Court adopted **(#136)** the Magistrate Judge's Recommendation and entered a default judgment against Mr. Smith. Such Order was mailed to Mr. Smith at his address of record, but was returned to the Court as undeliverable.

It is not clear how Mr. Smith came to learn of the default judgment. On August 24, 2006, Mr. Smith mailed a letter **(#141)** to the Court in which he stated that he had been in the custody of the Denver County Jail since May 24, 2006. He then stated that: "It's my understanding a Default Judgment has been rendered against me in this case. I'm asking for the Court to please

forward all documents sent to the address 2564 S. Balsam St. Lakewood, CO 80227 that have been returned to the Court." The Court then mailed copies of all such documents to Mr. Smith.

Now before the Court is Mr. Smith's "Motion to Stay Default Judgment" in which he states that he was never served a copy of the motion for default judgment, the Recommendation, or this Court's Order adopting the Recommendation because he was in the Denver County Jail. He complains that he has had no access to a law library while incarcerated. He also states that due to his incarceration, he has been unable to appear for court hearings. For these reasons, he asks the Court to reconsider and stay the August 8, 2006 Order, however it is clear that he actually seeks to set aside the default judgment.

A court may set aside a default judgment pursuant to Fed. R. Civ. P. 55(c), which provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. [2]

---

[2]Other grounds which warrant reconsideration include: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005,

Mr. Smith has been aware of the action pending against him and of his obligation to file an Answer since January 2006. He appeared, at least telephonically, at some hearings and obtained an extension of time to respond to the Complaint. He failed to meet such deadline, was given notice of another hearing and failed to appear. According to the information before the Court he was not in the custody of the Denver County Jail until May 24, 2006 after the May hearing occurred.

Several items mailed by the Court to Mr. Smith at his address of record after the May 2006 hearing were returned to the Court as undeliverable. However, pursuant to D.C.COLO.LCivR 10.1(M), Mr. Smith was obligated to keep the Court informed of his mailing address. He failed to do so, at his peril. Although *pro se*, Mr. Smith remained obligated to comply with all rules of this Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Despite notice and extension of time, Mr. Smith failed to file an Answer to the Complaint. Consequently, he was in default pursuant to Fed. R. Civ. P. 55. He has demonstrated no basis for the Court to reconsider its ruling which adopted the Magistrate Judge's Recommendation and entered a default judgment against him. He has not challenged any aspect of the Recommendation. He has not explained why he did not file an Answer as ordered by the Magistrate Judge. He has not identified any defense that he would raise to the Plaintiffs' claims or that he is in possession of any evidence which would support any defense. He has not alleged any error of law or other reason under Rule 60(b) to set aside the default judgment.

---

1012 (10th Cir. 2000). However, none of these are asserted.


**IT IS THEREFORE ORDERED** that the motion **(#144)** filed by Defendant Edward Anthony Smith is **DENIED**.

Dated this 29th day of March, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge